

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT SIOLESKI,

                         Petitioner,

    -v-

GARY GREENE, Superintendent, Great Meadows
Correctional Facility,

                         Respondent.

No. 06-CV-102 (KMK) (PED)

<u>ORDER ADOPTING REPORT AND
RECOMMENDATION</u>

---

KENNETH M. KARAS, District Judge:

    Robert Sioleski ("Petitioner"), proceeding pro se, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his May 30, 2003 conviction for one count of first-degree assault. See N.Y. Penal Law § 120.10 (1). The procedural background of this case is fully set forth in the November 4, 2010 Report and Recommendation issued by the Honorable Paul E. Davison ("R&R") (Dkt. No. 16), and the Court assumes the Parties' familiarity therewith. The case was referred to Magistrate Judge Davison for review pursuant to 28 U.S.C. § 636(b),[1] who issued a thorough R&R recommending that this Court deny the Petition in all respects and deny Petitioner a certificate of appealability. Petitioner was advised of his right to file objections to the R&R, but he has filed no objections.

    A district court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

---

[1] The case was initially referred to Magistrate Judge Mark D. Fox by Judge Colleen McMahon on January 7, 2006, to whom this case was initially assigned. The case was reassigned to this Court on August 3, 2007, and it was subsequently referred to Magistrate Judge Paul E. Davison. It was reassigned to this Court on November 4, 2010.

§ 636(b)(1)(C); *see also Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). Under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), parties may submit objections to a magistrate judge's report and recommendation. The objections must be "specific" and "written," and they must be made "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1)(c).

"[W]here a party does not submit an objection, a district court need only satisfy itself that there is no clear error on the face of the record." *Donahue*, 2007 WL 831816, at *1 (internal quotation marks omitted). In addition, a party's failure to object will waive that party's right to challenge the report and recommendation on appeal. *See FDIC v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995) ("Our rule is that 'failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.'" (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989))).

As noted, Petitioner has not filed objections to the R&R. Accordingly, the Court has reviewed the R&R under the clear error standard. In so doing, the Court has construed Petitioner's pro se pleadings liberally to raise the strongest arguments that they suggest. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Triestman v. Fed. Bureau of Prisons*, 420 F.3d 421, 424 (2d Cir. 2006) (per curiam). The Court finds no clear error in the R&R and therefore adopts its conclusions in their entirety.

The Court only further addresses Petitioner's ineffective assistance of counsel claim. In particular, Petitioner's submissions can be read as raising the claim that his attorney was ineffective in advising him to accept the plea agreement and failing to raise mental competency claims. This claim is without merit.

The Sixth Amendment of the United States Constitution provides that a criminal defendant shall enjoy the right to effective assistance of counsel. *See Bobby v. Van Hook*, 130 S. Ct. 13, 16 (2009). A claim for ineffective assistance of counsel is analyzed under the *Strickland* two-part test: to be entitled to relief, a Petitioner must show that (1) his attorney's conduct was constitutionally deficient because it fell below an objective standard of reasonableness, *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), and that, (2) but for this deficiency, there is a reasonable probability that the result of the proceeding would have been different, *id.* at 694. Petitioner must overcome "a strong presumption that counsel's conduct falls within the range of reasonable professional assistance" and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689.

"'In the context of a guilty plea, the prejudice requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Brown v. United States*, 637 F. Supp. 2d 212, 222 (S.D.N.Y. 2009) (quoting *Moore v. United States*, 00-CV-4560, 2001 WL 253432, at *11 (S.D.N.Y. Mar. 15, 2001)); *see also Premo v. Moore*, 131 S. Ct. 733, 743 (2011) (on habeas review, "deference to the state court's prejudice determination is all the more significant in light of the uncertainty inherent in plea negotiations"). Petitioner can assert his mental health issues at this stage, as a defendant does not forfeit his mental competency claim upon entry of a guilty plea. "As the Supreme Court has stated, 'it is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently waive his right to have the court determine his capacity to stand trial.'" *King v. Cunningham*, 442 F. Supp. 2d 171, 185 (S.D.N.Y. 2006) (internal quotation

marks omitted) (quoting *Pate v. Robinson*, 383 U.S. 375, 384 (1966)).

However Petitioner's claims are construed, Magistrate Judge Davison did not err in concluding that Petitioner's claims of ineffective assistance do not meet the first *Strickland* prong.[2] (R&R at 13.) Petitioner failed to provide any evidence that a reasonable attorney would not have believed Petitioner was competent and capable of understanding the court proceedings. Two psychiatrists independently confirmed the same and submitted written findings to the court and counsel stating so. (Aff. in Answer to Pet. Exs. 6, 7.) Not only did the psychiatric exams demonstrate Petitioner's competence, they were conducted at the request of the attorney he alleges was ineffective. (*Id.* at Ex. 4.) For example, during his plea allocution, Petitioner confirmed that he had discussed the charges with counsel and that he understood the charges to which he was pleading guilty, as well as the rights he would waive by doing so. At that time, he also stated that he was satisfied with his attorney's advice and no medication or mental illness prevented him from understanding the proceedings. (*Id.* at Ex. 8, at 7-8.) Furthermore, a review of the transcript confirms that Petitioner's plea conformed to the federal standards that condition the validity of a guilty plea on "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25 (1970)). Therefore, just as in *King*, nothing in the record here "indicates that [Petitioner's] behavior rose to a level of irrationality that would have warranted further inquiry by the Court as to his competence at the time of his plea or sentencing," particularly because Petitioner, just as the petitioner in *King*, "responded

---

[2] "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if [Petitioner] makes an insufficient showing on one." *Strickland*, 466 U.S. at 696.

4

appropriately to the questions posed." *King*, 442 F. Supp. 2d at 186. And, Petitioner has not shown what information his attorney neglected to bring to court or why that information would have changed the outcome of his plea. *See Strickland*, 466 U.S. at 696 ("[A] court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.")

It also bears noting that the trial judge was aware of Petitioner's drug addiction.[3] Petitioner's charge that the sentencing judge did not consider his drug use is therefore inaccurate. Thus, even if counsel was constitutionally deficient, there is no reasonable probability that the result of proceedings would have been different, as the judge was aware of Petitioner's mental health issues and drug habits.[4] *See id.*

Petitioner faced two separate assault charges and the possibility of two consecutive 25-year prison sentences, as well as a weapon possession count for the loaded shotgun he had with him at the time of the assault, which could have given him an additional 15-year sentence, for an aggregate term of 65 years. (*See* Resp. Mem. at 11-12.) The sentencing judge stated that "it was through the efforts of [Petitioner's] experienced attorney that he was allowed to receive a more favorable sentence than he otherwise might have received given the horrendous nature of the

---

[3] The sentencing judge noted, "Apparently the drugs are now out of your system . . . . You understand your drug problem should never have been visited on [the victim]. That was your problem, and a problem you had . . . most of your life which you did not attend to. But there was no justification for visiting it on an innocent person." (Aff. in Answer to Pet. Ex. 9, at 10-11.)

[4] Counsel asked the court to recommend that Petitioner "receive continued drug treatment," to which the sentencing judge responded, "I think a little psychological treatment may be in order as well." (Aff. in Answer to Pet. Ex. 9, at 8.)

acts."[5] (Aff. in Answer to Pet. Ex. 16, at 4.) Petitioner does not indicate that absent counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *See Brown*, 637 F. Supp. at 222. "With regard to the required showing of prejudice, the proper standard requires the defendant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 669. Petitioner has failed to meet this burden.

Accordingly, it is hereby ORDERED that:

1) The Report and Recommendation dated November 4, 2010, (Dkt. No. 16), is ADOPTED in its entirety;

2) Petitioner's petition for a writ of habeas corpus is DENIED;

3) No certificate of appealability will issue, *see Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111-12 (2d Cir. 2000) (for a certificate of appealability to issue, a petitioner must make a "substantial showing of the denial of a constitutional right," which means, at minimum, that a petitioner must show that the issues in the case "are debatable among jurists of reason; that a court could resolve the issues in a different manner." (internal quotation marks and alteration omitted)).

---

[5] The sentencing judge noted that "[T]his is the most hideous act of cruelty I have ever seen . . . . [Y]ou deserve no mercy from this court." (Aff. in Answer to Pet. Ex. 9, at 10-11.)

The Clerk of Court is respectfully directed to enter a judgment in favor of Respondent and close this case.

SO ORDERED.

Dated:    White Plains, New York
February 14, 2013

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

## Service List

Robert Sioleski, *pro se*
#03A-2802
Elmira Correctional Facility
1879 Davis Street
PO Box 500
Elmira, N.Y. 14901-0500

William V. Grady, Esq.
Dutchess County District Attorney
c/o Bridget Rahilly Steller, Esq.
Chief Assistant District Attorney, Of Counsel
236 Main Street
Poughkeepsie, N.Y. 12601